## BURKS *v.* LASSETER.

The affirmative pleas failing to state a valid defense against the claim of the plaintiff for a breach of a contract, the court did not err in striking them upon demurrer. The pleas having been stricken, a verdict for the plaintiff necessarily followed.

DECEMBER 13, 1916.

Attachment. Before Judge Pendleton. Fulton superior court. October 13, 1915.

*Anderson & Rountree,* for plaintiff in error.

*Candler, Thomson & Hirsch,* contra.

BECK, J. Lasseter, after having sued out an attachment which was levied upon property of Burks and returned to the superior court, filed his declaration alleging the following in substance: He purchased a certain lot of land from Burks, made a cash payment of $50, gave his promissory notes for the balance of the purchase-money, and received from Burks a bond for title. These notes he afterward satisfied, and then he demanded of Burks a deed to the lot of land, but Burks failed and refused to make it. After the execution of the bond for title the plaintiff discovered that Burks was not the owner of the property therein described and never be-came the owner. The property, at the date of the bond for title, was owned by one Reese, subject to a bond for title which had been given by Reese to one Smith and one Plunkett, who gave their promissory notes for the land; and upon the failure to pay these notes suit had been brought by Reese against Smith and Plunkett, which resulted in a judgment against them; and after filing a deed to Smith and Plunkett, the property was levied upon as the property of Smith and Plunkett, sold at sheriff's sale, and bought in by Reese, the sheriff executing and delivering to Reese a deed to the property. In order to protect himself against loss the plaintiff was forced to buy in the property from Reese for the sum of $938, after having first notified Burks of the claim of Reese and having demanded of Burks that he pay off and satisfy that claim, with which demand Burks refused to comply. Plaintiff had incurred certain expenses and attorney's fees.

The defendant filed an answer, admitting most of the material allegations in the petition, but denying the allegation that the notes given by the plaintiff for the purchase-money of the property had been paid in full. The defendant further filed certain affirma-

tive pleas, in substance as follows: The plaintiff knew, at the time of the purchase of the property, that Burks did not have title. The defendant had for value transferred the notes for the purchase-money to Plunkett; he had bought the property from Smith and Plunkett and had taken their bond for title, conditioned to convey the property on payment of the balance of the purchase-money, which was to be paid in certain stated annual payments. The plaintiff and Plunkett were partners in business at the time of the purchase of the property by plaintiff from defendant, and the offer to buy was made by plaintiff through Plunkett. Plunkett had urged defendant to make the sale to plaintiff upon the terms set forth in the bond for title, and had agreed that if he would do so Plunkett would take the notes made by the plaintiff to the defendant and cause them to be applied to the notes which the defendant had made to Smith; and the plaintiff knew of this, as Plunkett had made the statements in his hearing. The plaintiff did not pay the notes at maturity, but after maturity; and if he had paid them at maturity, Smith and Plunkett would have been able to pay Reese, and Reese would never have brought suit or levied upon the land. The purchase-price of the land which the plaintiff agreed to pay the defendant was more than the amount which the plaintiff paid to Reese in order to get a good title.

The court struck these pleas and directed a verdict for the plaintiff for $938. We are of the opinion that the court correctly held that these pleas were demurrable. The knowledge of the plaintiff that Burks did not have title at the time of the sale was immaterial. He had a right to rely upon Burks' contract to execute a good and sufficient title; and when Burks failed to do so after the purchase-money notes given by plaintiff were paid, this was a breach of contract for which the plaintiff could recover damages. Time was not of the essence of the contract as contained in the bond between Burks and the plaintiff; and if Burks sold and transferred to a third person the notes given by the plaintiff, and the plaintiff subsequently paid off and discharged these notes, although the transferee accepted a less amount than their face value in satisfaction of them, Burks could not complain of this. Nor were the promises of Plunkett as to the application of the payments of the notes binding upon the plaintiff. Although Plunkett may have been a partner of Lasseter in some other business, they were not partners

in the purchase of the land; and as to the land transaction between Burks and the plaintiff, Plunkett was a third party. The affirmative pleas set up no valid defense against the claim of the plaintiff, and the court did not err in striking them upon demurrer. A verdict for the plaintiff necessarily followed. No question as to the measure of damages is properly raised by the assignments of error in the bill of exceptions, the only assignment being that the court erred in sustaining the demurrers to the affirmative pleas of the defendant, and that the court erred in directing and permitting said verdict to be rendered and said judgment to be entered, "to which action of the court in directing and permitting said verdict to be rendered and such judgment to be entered the defendant excepted, and now excepts, and assigns the same as error, upon the ground that the same was contrary to law." No evidence is brought up in the record, and none is specified as necessary to an understanding of the errors assigned. And so, even if error were assigned upon the verdict upon the ground that an improper measure of damages had been applied in the case, this assignment could not be passed upon, in the absence of the evidence.

*Judgment affirmed. All the Justices concur.*